Cleveland HAASE, Petitioner–Appellant,

v.

State of CONNECTICUT, Respondent–Appellee.

No. 99–2254.

United States Court of Appeals, Second Circuit.

April 18, 2001.

Gary D. Weinberger, Assistant Public Defender, Thomas G. Dennis, Federal Public Defender Hartford, CT, for appellant.

Jo Anne Sulik, Assistant State's Attorney, Office of the Chief State's Attorney, Rocky Hill, CT, for appellee.

Present McLAUGHLIN, PARKER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Cleveland Haase appeals from the judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his conviction was obtained through statements made by the assistant state's attorney during closing argument that infringed on his right to refrain from testifying at trial.

Mr. Haase was tried in 1996 before a jury in Connecticut Superior Court for the Judicial District of Hartford New Britain at Hartford and convicted of the state offenses of murder and tampering with evidence. Petitioner gave two out-of-court statements to the police. At trial he exercised his right not to testify, relying instead on his out-of-court statements to establish his claim of self-defense. The petitioner appealed his conviction on two grounds. He claimed that statements made by the assistant state's attorney during closing argument infringed on his right to refrain from testifying at trial and that the trial court improperly refused to permit him to introduce testimony regarding statements made by the victim shortly before her death. The Connecticut Supreme Court affirmed the conviction on direct appeal. *See State v. Haase*, 243 Conn. 324, 702 A.2d 1187 (1997).

Petitioner filed a petition for a writ of habeas corpus in the District of Connecticut on May 21, 1998, asserting only the first ground raised on direct appeal. The district court denied the petition in an order entered March 23, 1999.

The district court correctly determined that 28 U.S.C. § 2254(d)(1) ("AEDPA") bars habeas relief because the state court determination was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Specifically, the state court's holding that, viewing the prosecutor's comments in the context of the entire record, a jury would naturally interpret the comments as fair response to petitioner's claim of self-defense as presented in his out-of-court-statements, is neither contrary to, nor an unreasonable application of, Supreme Court precedent as clearly established in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

Additionally, the state court found, and the district court agreed, that any risk of prejudice was eliminated by the trial court's jury instruction. Moreover, the district court correctly concluded that based on the testimony of Mr. Black, the evidence gathered as a result of the search, the inconsistencies in petitioner's statements, the inconsistencies between his statement and testimony given by his uncle, Mr. Hawes, and the testimony of the criminologist, the jury would have found beyond a reasonable doubt that he murdered the victim as charged. Thus, the district court properly found that any error that may have occurred as a result of the prosecutor's comments was harmless.

For the reasons set forth above, the judgment of the district court is AFFIRMED.